## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Vision Films, Inc. | ) | |
| 400 Capitol Mall, 11th Floor | ) | Case No.:  13-cv-855 |
| Sacramento, CA 95814 | ) | |
| | ) | Judge Graham |
| Plaintiff, | ) | |
| | ) | Magistrate King |
| v. | ) | |
| | ) | |
| DOES 1 - 38 | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION OF PLAINTIFF FOR
### ADDITIONAL TIME TO SERVE SUMMONS AND COMPLAINT

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff Riding Films, Inc. moves for leave for an additional four (4) months' time to obtain service of the Summons and Complaint upon Doe Defendants 1 - 38. The reasons are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/ Leon D. Bass*
Leon D. Bass (0069901) (Trial Attorney)
 Lbass@taftlaw.com
David J. Butler (0068455)
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone:  614-334-7192
Facsimile:  614-221-2007

*Attorneys for Plaintiff*

## **MEMORANDUM IN SUPPORT**

The Complaint herein was filed on 8/30/2013. Under Fed. R. Civ. P. 4(c)(1) and 4(m) the person serving process must normally serve the summons within 120 days of the filing of the Complaint. Under Fed. R. Civ. P. 4(m), upon a showing of good cause for the failure of service, the Court must extend the time for service for an appropriate period.

On 8/30/2013, simultaneously with the Complaint, Plaintiff filed an "Application for Leave to Take Discovery Prior to Rule 26(f) Conference" (Doc. #3) which was granted on 8/30/2013. Plaintiff's motion for expedited discovery was grounded upon the need to conduct limited discovery of non-party Internet Service Providers ("ISPs") to determine the true identities of the Defendants in order to fulfill Plaintiff's service obligations under Fed. R. Civ. P. 4.

Once leave was granted by this Court, Plaintiff served ISPs with a subpoena requesting the names, addresses, telephone numbers, email addresses, and Media Access Control addresses for each person or entity that accessed the certain Internet Protocol Address ("IP Address") that was listed. The information sought by Plaintiff is limited to the discovery of the identities of the Defendants and complies with this Court's order.

The Subpoenas were sent by certified mail, return receipt requested on 9/25/2013 (*See* Declaration of Leon Bass, Exhibit 1 and attached Exhibits A-L). The return receipts were received on the following dates, establishing that they reached the ISP's 9/26/2013, 9/27/2013, 9/30/2013, 10/1/2013 AND 10/4/2013 *Id.*

To date, we have only received information regarding 2 identities. With respect to those identities that we have received, we are in the process of verifying claims, defenses and exploring potential non-litigation resolutions.

Plaintiff has diligently served subpoenas on the ISPs and continues its attempts to determine the true identities of the Defendants in order to properly serve them. As of the date of this filing, Plaintiff is still awaiting this information and Plaintiff is unable to serve all of the Defendants at this time. Gathering the relevant identification information of the IP Address users

creates an obstacle for perfecting service within the timing set forth in Fed. R. Civ. P. 4(m). Many of the ISPs require a significant amount of time (sometimes many months) to review the information and to provide notice to their subscribers. The Plaintiff will freely grant reasonable extensions of time to respond to subpoenas requested by ISPs in order to be accommodating.

In addition, once the Plaintiff identifies the potential defendants, it seeks time to discuss the matter with the Defendants, confirm the allegations, and if such allegations are true, seek resolution. Unlike in most other matters, the parties did not have the opportunity to attempt to resolve the claims prior to the filing of the lawsuit because the identities of the Defendants were unknown to Plaintiff. Therefore, in the interests of judicial economy, the Plaintiff seeks the opportunity to explore potential resolutions before amending the Complaint to add Defendants and seek service.

Therefore, Plaintiff has shown good cause to request an extension of time from this Court. See the Declaration of Plaintiff's counsel, Leon Bass, which is attached hereto as Exhibit 1.

Based on the following, and for good cause shown, Plaintiff requests an additional 120 days to attempt to serve Doe Defendants 1 - 38.

Respectfully submitted,

*/s/ Leon D. Bass*
Leon D. Bass (0069901) (Trial Attorney)
 Lbass@taftlaw.com
David J. Butler (0068455)
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, Ohio 43215
Telephone: 614-334-7192
Facsimile: 614-221-2007

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed through the Court's CM/ECF system on December 30, 2013.

/s/ Leon D. Bass
Leon D. Bass